```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
JANET L. HERRON, et al.,
                                  *
     Plaintiffs,
v.                                *       CIVIL NO.: WDQ-04-1977

MAYOR AND CITY COUNCIL OF         *
ANNAPOLIS, MARYLAND,
                                  *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

On September 21, 2005, the Court dismissed Janet Herron's suit against the Mayor and City Council of Annapolis (the "Defendants") for deprivation of property in violation of the Constitution and the Maryland Declaration of Rights.[1] Pending is Defendants' motions for attorney's fees and to strike Plaintiff's opposition. For the following reasons the motion to strike will be granted.

I. Background

Herron appealed the Court's dismissal of her suit on September 29, 2005. On October 4, 2005, Defendants moved for attorney fees, but as the case was on appeal and pursuant to the local rules, did not file a memorandum in support. Herron filed her opposition to the motion on October 20, 2005. Defendants

---

[1] The claims against Anne Arundel County were dismissed on June 28, 2005.

1

have moved to strike Herron's opposition as untimely.

II.  Analysis

Local Rule 109.2a provides that a memorandum in support of a motion for attorney's fees must be filed by the moving party within thirty-five days of the date the motion is filed.  Local Rule 109.2a.  In the event an appeal is taken from the underlying judgment, the memorandum must be filed within fourteen days of the issuance of the mandate of the Court of Appeals.  *Id.*  Opposition to a motion for attorney's fees shall be filed within fourteen days of service of the memorandum.  *Id.*

As Herron has appealed the Court's September, 2005 order, Defendants will have fourteen days from the issuance of the Court of Appeal's mandate to file their memorandum in support of their motion for attorney's fees.  Herron will then have fourteen days to file her opposition.  Because Defendants have not yet filed their memorandum in support of their motion, Herron's opposition to the motion is premature.[2]  Accordingly, Defendants' motion to

---

[2] Herron claims that she was instructed to file her opposition by the Court and the Staff Attorney's Office.  It appears, however, that Herron was advised to respond to the motion because she inquired about the proper procedure for opposing a bill of costs rather than a motion for attorney's fees.  *See* Plaintiffs' Opposition to Defendants' Motion for Attorney's Fees, p. 13.

strike Herron's opposition to the Motion for Attorney's Fees will be granted.


<u>February 15, 2006</u>               _____/s/_____
Date                             William D. Quarles, Jr.
                                 United States District Judge

3