```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
JANET L. HERRON,
                                *
     Plaintiff,
                                *     CIVIL NO.: WDQ-04-1977
v.
                                *
ANNE ARUNDEL COUNTY, ET AL.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Janet L. Herron, on behalf of herself and an alleged class of similarly situated individuals, sued the Mayor and City Council of Annapolis ("Annapolis") and Anne Arundel County, Maryland (the "County") for, *inter alia*, deprivation of property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 24 of the Maryland Declaration of Rights.[1]

Pending is the Defendants' Renewed Motion for Attorneys' Fees.  For the reasons discussed below, the Defendants' motion will be denied.

---

[1] Herron's complaint also included common law assumpsit and unjust enrichment claims.

1

Case 1:04-cv-01977-WDQ   Document 126   Filed 11/30/06   Page 2 of 6

I.   Background

Herron sued the Defendants in the Circuit Court for Anne Arundel County and on June 24, 2006, the action was removed to this Court. On July 1, 2004, Annapolis cross claimed against the County for contribution and indemnity.

On December 17, 2004, this Court dismissed Count II of the Complaint, regarding the Maryland Declaration of Rights, because of non-compliance with the notice requirements of Maryland's Local Government Tort Claims Act (the "LGTCA").[2] On May 5, 2005, the Defendants filed their Proposed Pretrial Order in which Annapolis withdrew its Crossclaim against the County. Proposed Pretrial Order at 10 (Paper No. 81). On June 28, 2005, the Court approved the parties' Stipulation of Dismissal of *all* claims against the County with prejudice.

On September 22, 2005 the Court granted Annapolis's motion to dismiss. On October 4, 2005 the Defendants filed the pending motion for attorneys' fees.

II.  Analysis

The Defendants have moved for attorneys' fees, arguing that: 1) they should recover from Herron's counsel under 28 U.S.C. § 1927 and the inherent authority of this Court; 2) they should recover from Herron under 42 U.S.C. § 1988; and 3) their

---

[2] Md. Code Ann., Cts. & Jud. Proc. § 5-301 *et seq*.

2

attorneys' fees are reasonable.  The Defendants have since abandoned their claim for attorneys' fees from Herron.  Reply Mem. at 13.

The Defendants urge this Court to order that plaintiff's counsel pay attorneys' fees under 28 U.S.C. § 1927.  Section 1927 permits a court to award "excess costs, expenses, and attorneys' fees reasonably incurred" when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.  The statute is unambiguously directed only at attorneys who multiply proceedings.  *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999).

A court must find "bad faith" before it may award any attorneys' fees under this section.  *Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 371 (D. Md. 1994).  Then the District Court exercises its discretion in deciding whether to impose the sanctions.  *Id*.

The Defendants also argue that this Court may award attorneys' fees under its inherent power.  It is important to note that "the general rule in federal courts is that a litigant cannot recover his counsel fees."  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980).  Courts, however, do have an inherent power to assess attorneys' fees for the willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *Id*. at 766

3

(citations omitted).  As "inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Id*. at 764.

Local Rule 109.2.a provides that "any motion requesting the award of attorneys' fees must be filed within fourteen days of the entry of judgment."  On June 28, 2005 this Court dismissed with prejudice all claims against the County.  On September 22, 2005, the case was ordered closed upon the granting of the motion to dismiss filed by Annapolis.  On October 4, 2005, the first motion for attorneys' fees was filed on behalf of the Defendants.  Local Rule 109.2.a states that "[n]on-compliance with these time limits shall be deemed to be a waiver of any claim for attorneys' fees."  As the first motion for attorneys' fees was not filed within 14 days of June 28, 2005, the County has waived its claim for attorneys' fees.  Annapolis's motion remains.

In support of their motion, the Defendants argue that plaintiff's counsel: 1) knew that Count II of the complaint was barred; 2) should have known that Herron did not have standing because she had not paid a school impact fee; 3) knew that § 1983 could not be used to challenge state or local taxes unless state law does not afford a remedy; 4) knew Herron's claims were barred for failure to exhaust administrative remedies; 5) should have known that the *Dolan v. City of Tigard*, 512 U.S. 374 (1994) standard was inapplicable; 6) failed to substantiate their claims

4

under Annapolis Ordinance No. 0-36-98 (the "Ordinance") or the November 15, 2000 agreement between Annapolis and the County (the "Agreement"); 7) failed to comply with the Federal and Local Rules governing pre-trial orders; and 8) should have known that they could not file a notice of voluntary dismissal after the County had filed its answer and motion for summary judgment.

The Court, in dismissing count II, found no evidence of bad faith in the plaintiff's failure to comply with the notice requirement of the LGTCA; in fact the Court noted Plaintiff's belief that she had substantially complied with the LGTCA.

As to standing, this Court noted the *plausibility* of Herron's argument that builders and developers would pass along the impact fee to buyers if possible.  Paper No. 107 at 6. Although plausibility does not mean that the claim will succeed, it precludes a finding of bad faith.  It was reasonable for plaintiff's counsel to seek discovery of evidence that the fee had been passed on to Herron.

In addition, upon careful review of the record, including the parties' memoranda supporting and opposing this motion, the Court finds no evidence of bad faith on the part of plaintiff's counsel with respect to the § 1983 claims, the failure to exhaust administrative remedies, the application of the *Dolan* standard, the substantiation of claims under the Ordinance or the Agreement, compliance with pretrial order rules nor the dismissal

5

of the County.  Although an attorney's arguments may have been unavailing, the Court declines to award attorneys' fees absent evidence of bad faith or unreasonable conduct.

III. Conclusion

    For the reasons discussed above, the Defendants' Renewed Motion for Attorneys' Fees will be denied.


<u>11/29/06</u>                                     <u>        /s/            </u>
Date                                  William D. Quarles, Jr.
                                      United States District Judge